OPINION
Defendant-appellant Grant Thomas appeals from a judgment against him in the amount of $700, representing the unpaid portion of attorney's fees for the services of plaintiff-appellee Wilfred L. Potter. Thomas contends that the judgment is against the manifest weight of the evidence. We have reviewed the transcript of the testimony, and the exhibits, and we are persuaded that the judgment is against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for a new trial.
 I
In August, 1994, Thomas retained Potter to represent him in connection with a DUI charge. This court can take judicial notice of the fact that Potter is an attorney with knowledge and experience concerning DUI law.
Potter's office told Thomas that he would have to pay a retainer in the amount of $300. Thomas enclosed the $300 payment with a letter dated September 14, 1994, the first sentence of which is as follows:
 The enclosed retainer fee will serve to confirm my intention to retain you as my legal counsel regarding charges now pending against me in Springfield Municipal Court.
The balance of the letter provided Potter with information relevant to the defense of the DUI charge.
On October 3, 1994, the DUI charge against Thomas was resolved with a no-contest plea. On October 21, 1994, Thomas received what appears to be a form letter from Potter, stamped with Potter's signature, thanking him for retaining Potter and discussing the ground rules of Potter's representation. The third paragraph of that letter begins with the following two sentences:
 At the time of your initial contact with our office, you may have received a quote of a particular monetary retainer which must be deposited with our office before any case receives processing. Enclosed you will find a bill for the approximate total charges for legal services for your pending legal matter.
An invoice, bearing a date of September 19, 1994, was received in evidence in the trial court. It reflects a "Legal fee for Representation — DUI" in the amount of $1,000, a "Payment by Check — Retainer" in the amount of a $300 credit, with a total of $700. At the bottom of this form the following sentences appear:
 The above is an ESTIMATED costs of attorney's fees only. THIS DOES NOT INCLUDE ANY COURT COSTS, ETC.
Thomas testified that this invoice was enclosed with Potter's letter to him of October 21, 1994, and appears to be the enclosure to which the letter refers. Potter testified that he could not say with certainty that the invoice was mailed on September 19, 1994, but that that would have been his normal office procedure.
In 1998, Potter pressed Thomas for payment of the outstanding balance of his fee. When Thomas did not pay, Potter brought this action for recovery of the balance of his attorney's fees. Following a bench trial, judgment was rendered in the amount of $700, plus interest and costs. From the judgment against him, Thomas appeals.
II
Thomas's sole Assignment of Error is that the judgment is against the manifest weight of the evidence.
A court of appeals has the undoubted duty and power to reverse a judgment that is against the manifest weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380, at 387. In a criminal case it has been said that:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the case weighs heavily against the conviction.
State v. Martin (1983), 20 Ohio App.3d 172, 175, quoted approvingly in State v. Thompkins, supra, at 387.
In the case before us, the trial court placed great weight upon Potter's billing statement dated September 19, 1994. The trial court concluded, based upon this document, that Thomas was aware, while Potter's representation of him was ongoing, of the likelihood that he would be required to pay about $1,000 as a fee for that representation.
We have read the entire transcript of the trial, in which both Thomas and Potter testified, both directly, and upon cross-examination. Potter candidly acknowledged that he could not say when the invoice dated September 19, 1994, was sent to Thomas, although he testified that it would have been the general practice of his office to put it in the mail on the date shown in the invoice. Thomas testified that he was told by Potter's office that if he pled to the charge, the $300 that he had paid "would most likely cover" Potter's fee. He testified that after he pled no contest on October 3rd, nothing further was said about attorney's fees, until he received the October 21, 1994, letter from Potter. Thomas testified that the invoice for the additional $700 was an enclosure to the letter dated October 21, 1994.
The letter dated October 21, 1994, appears to be a form letter, bearing Potter's signature stamp, that his office routinely sent out at the commencement of a representation, setting forth office policies. It refers to an enclosed "bill for the approximate total charges for legal services for your pending legal matter." The only document offered in evidence by either party that appears to constitute that enclosure is the September 19, 1994, invoice reflecting an estimated fee of $1,000 for the DUI representation.
Based upon our review of the entire record, we conclude that the trial court's finding that the invoice dated September 19, 1994 was actually mailed to Thomas on that date is against the manifest weight of the evidence. It appears, from our review of the record, to be far more likely that this invoice was enclosed with Potter's letter of October 21, 1994, which was mailed more than two weeks after Thomas pled no contest to the DUI charge.
The underlying factual issue is whether Thomas could reasonably have anticipated that Potter's representation, assuming that Thomas pled to the charge, would generate a fee substantially in excess of $300. If Thomas's testimony is believed, then he was told by Potter's office that the fee would not be likely to exceed $300 if he pled to the charge. There is nothing in the trial court's decision to suggest that it found Thomas's testimony in this regard inherently incredible. Instead, it appears that the trial court based its judgment upon its finding that the $1,000 attorney fees estimate was sent to Thomas on September 19, 1994, before Potter's representation was completed. Because we conclude that this finding is against the manifest weight of the evidence, we sustain Thomas's sole Assignment of Error.
 III
Thomas's sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for a new trial.
WOLFF and KOEHLER, JJ., concur.
(Honorable Richard N. Koehler, Retired from the Twelfth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Wilfred L. Potter, Grant Thomas, Hon. Eugene S. Nevius